**Sandra WILLIS, et al., Plaintiffs,**

**v.**

**Jim EDGCOMB, Defendant.**

**No. 87–2425.**

United States District Court,
C.D. Illinois.

April 20, 1992.

Peter C. Alexander, Savoy, Ill., for plaintiffs.

Britt A. Brown, Glenn O. Fuller, Decatur, Ill., for defendant.

## ORDER

BAKER, District Judge.

The plaintiffs, Sandra Willis and Marvell Manns, brought this action under 42 U.S.C. Section 1983 against Jim Edgcomb, Treasurer of Macon County, in his individual and official capacity. The complaint alleges that Edgcomb discriminated against the plaintiffs, both black women, based on their race,[1] political affiliation, and union support. Since the filing of the complaint, Sandra Willis has entered into a settlement with the defendant, leaving Marvell Manns as the only plaintiff. The defendant has moved for partial summary judgment on the claim against him in his official capacity, (docket # 58) and the plaintiff has responded to the motion (docket # 61). Because the court finds that the defendant may be sued in his official capacity as the

---

1. Count One of the complaint, which the plaintiffs voluntarily dismissed (docket # 27), alleged race discrimination in violation of 42 U.S.C. Section 1981. Although Count One is no longer in the case, the court assumes that race discrimination continues to be an issue based on the Amended Pre–Trial Order (docket # 53).

Macon County Treasurer,[2] the motion for partial summary judgment is denied.

## Discussion

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir.1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 789 (1985). In reviewing the motion, the court must view all evidence in the light most favorable to the non-moving party. *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). Here, the parties agree on all the facts which are relevant to the summary judgment motion. The only dispute involves the application of the law to the facts.

■ In his motion, the defendant correctly states the law relating to official capacity suits under section 1983. A suit against a government officer in his or her official capacity is essentially a suit against the government entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 & n. 14, 105 S.Ct. 3099, 3105 & n. 14, 87 L.Ed.2d 114 (1985); *Yeksigian v. Nappi*, 900 F.2d 101, 103–04 (7th Cir.1990); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1093 (7th Cir.1986). Accordingly, to maintain an official capacity suit, the plaintiff must satisfy the requirements of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Additionally, the Seventh Circuit has held that a plaintiff cannot assert a claim against a county based on the policies or practices of an independently-elected officer whose actions are unrelated to the county. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (cannot hold Cook County liable for actions of Sheriff of Cook County), *cert. denied*, 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990); *Houston v. Cook*

*County*, 758 F.Supp. 1225, 1227 (N.D.Ill. 1990); *Baltz v. County of Will*, 609 F.Supp. 992, 995 (N.D.Ill.1985).

■ The defendant argues that an official capacity suit against the Macon County Treasurer is essentially a suit against the treasurer's office and, therefore, against Macon County. The defendant then cites *Thompson* in arguing that the plaintiff cannot assert a claim against Macon County. According to Edgcomb, because the county treasurer is an independently-elected constitutional officer who does not answer to the county, *Thompson* bars the plaintiff's attempt to sue Edgcomb in his official capacity.

The plaintiff does not dispute Edgcomb's characterization of the law or his assertion that the county treasurer is an independently-elected officer. Instead, the plaintiff challenges Edgcomb's discussion of the government entity at which this official capacity suit is directed. According to the plaintiff, a suit against the county treasurer in his official capacity is aimed at the office of the Macon County Treasurer, not at the Macon County Board or Macon County. Because the county treasurer is an independent political officer, a suit concerning the treasurer's policies must be directed at his office. The suit also satisfies the requirements of *Monell* since Edgcomb, as county treasurer, had the authority to set policy for the office.

In his reply brief, the defendant interestingly argues that the plaintiff cannot maintain a suit against the Macon County Treasurer's Office because it "is an integral part of government at the county level, and as such is indistinguishable from the governmental body itself, which in this case is Macon County." Defendant's Reply Brief at 6. Essentially, the defendant contends that the plaintiff cannot hold Macon County liable for the actions of an independent official and cannot sue the official's office because it is inextricably linked to the county.

**2.** This order also applies to Julie Curry as successor Macon County Treasurer. *See* Fed. R.Civ.P. 25(d).

As support for his argument, Edgcomb cites *Thompson, Houston,* and *Baltz.* In each of these cases the plaintiff named the county as a defendant, and the court dismissed the county. Here, if the plaintiff had named Macon County as a defendant, *Thompson* and the lower court cases would undoubtedly be relevant in determining whether Macon County could be liable. However, the plaintiff is suing Edgcomb in his official capacity and not Macon County. The defendant has not cited any cases holding that a plaintiff cannot sue an officer, such as a county treasurer, in his or her official capacity. In *Baltz* the plaintiff also sued the Sheriff of Will County individually and in his official capacity as the sheriff. The *Baltz* court, while dismissing Will County, did not mention that the plaintiff could not sue the sheriff in his official capacity. 609 F.Supp. at 995; *see also Reed v. Shepard,* 939 F.2d 484 (7th Cir. 1991) (suit against sheriff in his official capacity); *Holmes v. Sheahan,* 930 F.2d 1196, 1199 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991) (same).

The defendant's argument creates a catch–22 for section 1983 plaintiffs. In essence, the argument eliminates the possibility of official capacity suits against independently-elected officials, such as sheriffs, and county treasurers. Because the court cannot find support for this result in section 1983 cases, the defendant's motion is denied.

IT IS THEREFORE ORDERED that the defendant's motion to file a reply brief (docket # 63) is GRANTED.

IT IS FURTHER ORDERED that the defendant's motion for partial summary judgment (docket # 58) is DENIED.